IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| WALTER JASON PURKHISER, | CV-24-97-GF-BMM |
| Plaintiff, | |
| vs. | ORDER |
| MRS. AUTUMN COMBS[1], | |
| Defendant. | |

Plaintiff Walter Jason Purkhiser has filed a Complaint related to custody of his children. (Doc. 2.) The Complaint is dismissed for lack of subject matter jurisdiction.

**I. STATEMENT OF THE CASE**

**A.   Parties**

Purkhiser is incarcerated at Crossroads Correctional Center, Shelby, Montana. He is proceeding in forma pauperis and without counsel. Though his caption names Mrs. Autumn Combs as the defendant, in the text of his Complaint

---

[1] This is the caption of the action as filed by Purkhiser. Purkhiser's list of Defendants elsewhere in the document differs.

1

he also names as Defendants the "Department of Family and Children, prosecuting attorney, and appellate defender." (Doc. 2 at 2.)

### B. Allegations

Purkhiser alleges that in 2016, the Department of Family and Children was harassing him. (Doc. 2 at 4.) Purkhiser alleges that the mother of his daughter premeditated a plan to have Purkhiser arrested for assault in order to acquire custody of the daughter. (Doc. 2 at 4.) Meanwhile, Purkhiser's wife was in Georgia. While charges were pending against him, Purkhiser could not leave Montana without permission of the court. Purkhiser alleges he contacted various people in order to get that permission. One of those people was a Defendant named here, Autumn Combs. (Doc. 2 at 5.)

The Department of Family and Children reported that Purkhiser had not sought permission and instigated custody proceedings. (Doc. 2 at 5.) Purkhiser claims that someone other than Purkhiser filed an acknowledgement of the hearing. At the hearing, Purkhiser's parental rights were terminated. Purkhiser subsequently attempted to appeal the termination of his parental rights and now is incarcerated. Purkhiser asks the Court to restore his parental rights.

### II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Purkhiser is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and

1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P.12(h)(3); see also *Fiedler v. Clark*, 714 F. 2d 77, 78-79 (9th Cir. 1983) (a federal court may dismiss *sua sponte* a complaint for lack of subject matter jurisdiction).

Federal district courts do not have appellate jurisdiction over state court judgments. See 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Under the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Bennett v. Yoshina*, 140 F. 3d 1218, 1223 (9th Cir. 1998) (quoting *Johnston v. DeGrandy*, 512 U.S. 997, 1005-06 (1994)).

*Rooker-Feldman* serves as a jurisdictional bar in a suit that is a "de facto appeal from a state court judgment," *Kougasian v. TMSL, Inc.*, 359 F. 3d 1136, 1139 (9th Cir. 2004), when federal claims "are inextricably intertwined with the

3

state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.,* 525 F. 3d 855, 859 (9th Cir. 2008).

The *Rooker-Feldman* doctrine precludes federal subject-matter jurisdiction over claims involving state court judgments when four factors are met: (1) the plaintiff lost in the state court; (2) the state court judgment was rendered before the filing of the federal claim; (3) the plaintiff complains of injuries caused by the state court judgment; and (4) the plaintiff's complaint invites the district court to review and reject the judgment of the state court. *Exxon Mobil Corp.*, 544 U.S. at 284.

In the present case, all factors are met. Purkhiser has already raised these claims in the Montana Supreme Court. The Montana Supreme Court left undisturbed the Montana state district court's determination that Purkhiser's parental rights be terminated. *Matter of S.P.*, 2021 MT 57N, 403 Mont. 547, 481 P. 3d 1221 (Table). The first two factors are met: Purkhiser lost in the Montana state district court, the order was filed before the instant complaint, and the Montana Supreme Court has denied relief. The third factor is met because the injuries of which Purkhiser complains were caused by the Montana state court judgment issued in in the underlying dependency and neglect case. Finally,

Purkhiser specifically asks the Court to assume jurisdiction of the Montana state court matter and reverse the Montana state courts' prior orders.

Thus, all factors are met and Purkhiser's claims are barred by the *Rooker-Feldman* doctrine. The Court lacks jurisdiction over this case; it will be dismissed.

Based upon the foregoing, the Court issues the following:

### ORDER

1. This matter is **DISMISSED** for lack of subject matter jurisdiction. All pending motions are **DENIED** as moot.

2. The Clerk of Court is directed to enter judgment pursuant to F. R. Civ. P. Rule 58.

3. The Court certifies that any appeal of this decision would not be taken in good faith.

DATED this 14th day of January, 2025.

_____
Brian Morris, Chief District Judge
United States District Court